UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHARLES ALBERT RISLEY,<br><br>Defendant | CASE NO. 1:12-CR-0363 AWI<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>(Doc. No. 34) |

On July 17, 2020, Defendant Charles Albert Risley filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  See Doc. No. 31.  Defendant is currently housed at the FCI Lompoc federal prison.  Based on his age, medical conditions, the conditions of confinement at FCI Lompoc, and the Covid 19 pandemic, Defendant sought compassionate release and either a new sentence of time served or home detention for the remainder of his sentence.  See id.

On July 20, 2020, the Court denied Defendant's motion without ordering a response from the United States or ordering additional briefing from Defendant.  See Doc. No. 33.  The Court reviewed Defendant's motion, found that Defendant had not adequately exhausted administrative remedies, and that the failure to exhaust was jurisdictional.  See id.  The Court noted a split of authority with respect to exhaustion.  See id.  Some courts have held that a prisoner sufficiently exhausts administrative remedies if he waits 30 days from receipt by a warden of a request for compassionate release before filing suit.  See id.  Other courts hold that § 38582's 30 day language acts as a futility exception that applies when a warden does not act within 30 days of receiving a

request for compassionate release.  See id.  That is, if the warden does not act within 30 days, the prisoner may file a lawsuit under § 3582, but if the warden denies the request within 30 days, the prisoner must then appeal and exhaust available administrative remedies.  See id.  The Court found that the latter view was more persuasive and adopted it.  See id.  Because the warden had denied Defendant's request for compassionate release within 30 days of receipt, and because the Defendant did not appeal or pursue further administrative remedies, the Court held that Defendant had not exhausted administrative remedies.  See id.

On August 3, 2020, Defendant filed a motion for reconsideration.  See Doc. No. 34.  In his motion, Defendant argues that the Court should grant reconsideration and order briefing from the United States.  See Doc. No. 34.  Defendant notes that some district judges in this District have interpreted § 3582 to mean that a prisoner need only wait 30 days, and thus, this Court's order has created a district split.  Further, cases across the country follow this interpretation of the 30 day language  Also, Defendant notes that in proceeding in the Southern District of Florida, the United States interpreted the 30 day language of § 3582 to mean that a defendant need only wait 30 days after receipt of his request to a warden and then may file suit, irrespective of whether the warden denied the request within 30 days.  In another case in the Fresno Division of this district, the United States conceded that there was no exhaustion issue where a defendant waited more than 30 days of the warden receiving her request for compassionate release, even though the warden denied the request within 30 days and it did not appear that the defendant appealed the denial. Further, the Bureau of Prison's website indicates that a prisoner need only wait 30 days from the warden's receipt of a request for compassionate release before filing suit in federal court.

*Discussion*

The Ninth Circuit has instructed that motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Additionally, Local Rule 230 in relevant part requires a moving party to shows that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon

such prior motion, or what other grounds exist for the motion, and why the facts and circumstances were not shown at the time of the prior motion." Local Rule 230(j)

Here, the Court was aware of the split among the district courts regarding the proper interpretation of the 30 day language of § 3582. The Court reviewed both sides of the split and adopted the position that it found to be the more reasonable. The identification of cases on the other side of the split does not warrant reconsideration.

Defendant has, however, identified new information that the Court was not aware of at the time it ruled. Namely, the Court was not aware of the Bureau of Prison's website or filings made by the United States in the Fresno division in which the interpretation urged by Defendant was apparently accepted.[1] The positions taken by the United States in this division, combined with the Bureau of Prisons' website, convince the Court that it is appropriate to reinstate Defendant's motion for compassionate release and order the United States to file a response/opposition. As part of the opposition/response, the United States shall address the exhaustion issues associated with this case, including the Court's prior analysis of the exhaustion requirement. If the United States agrees with Defendant's position regarding the meaning of § 3582's 30 day language, the Untied States shall explain why the Court's adoption of the *Seng* rationale was erroneous.

Additionally, this Court partially granted and partially denied a request to seal documents. The Court ordered Defendant to file an unredacted version of the motion for compassionate release and a partially redacted Exhibit C. See Doc. No. 32. The deadline to file those documents expired on August 3, 2020. See id. Defendant has yet to file the unredacted documents. In order to ensure that Defendant received notice of the sealing order, the Court will again order Defendant to file publicly an unredacted motion for compassionate release and a partially redacted Exhibit C. Further, it does not appear that Defendant has served unredacted copies of his motion or the supporting materials on the United States. Defendant will be ordered to do so in order for the United States to intelligently respond to the motion for compassionate release. See Local Rule 141(b).

---

[1] The Court was also not aware of the filing from a proceeding in the Southern District of Florida, but no court can possibly be aware of every filing made by the United States in every single district. The Court does not consider this filing from the Southern District of Florida because it will not change the result of Defendant's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration (Doc. No. 34) is GRANTED;
2. The Court's July 20, 2020 order (Doc. No. 33) is VACATED;
3. Defendant's motion for compassionate release (Doc. No. 31) is REINSTATED;
4. Defendant shall immediately provide unredacted copies of his motion and supporting papers, consistent with Local Rule 141(b), to the United States;
5. As soon as possible, but no later than August 10, 2020, the United States shall file a response/opposition to Defendant's motion for compassionate release, consistent with the analysis above;[2]
5. No later than August 12, 2020, Defendant may file a reply.
6. No later than August 10, 2020, Defendant shall publicly file an unredacted version of his motion for compassionate release and a partially redacted Exhibit C.

IT IS SO ORDERED.

Dated:  August 4, 2020                      _____
                                            SENIOR DISTRICT JUDGE

---

[2] Because of possible administrative issues concerning the sealed documents, it is possible that additional time may be warranted for the United States to file a response/opposition. If that is the case, and the parties can stipulate to a new briefing schedule, the Court will give effect to such a stipulation. If no agreement can be reached, the United States shall explain the circumstances that justify a request for additional time and move the Court for additional time. However, given the nature of Defendant's motion, lengthy extensions will not be given in the absence of a stipulation.